John Alton **WOODRUFF**, Plaintiff,

v.

**UNITED STATES** of America, Central Oklahoma American Indian Health Council, Inc., an Oklahoma Nonprofit Corporation d/b/a Oklahoma City Indian Clinic; Oklahoma City Indian Clinic; Jihad Ahmad, M.D.; and C. Thomas Covington, M.D., Defendants.

No. CIV.01–583–S.

United States District Court,
E.D. Oklahoma.

Jan. 23, 2002.

George Braly, Ada, for Plaintiff.

Susan Brandon, John Wiggins (Deft.Covington), Asst U.S. Attorney, Muskogee, Oklahoma City, for Defendant.

## ORDER

SEAY, District Judge.

This is a medical negligence action involving the alleged substandard examination, diagnosis, and treatment of Plaintiff, John Alton Woodruff, at two separate facilities—the Carl Albert Indian Health Facility, Ada, Oklahoma ("Carl Albert") and the Oklahoma City Indian Clinic, Oklahoma City, Oklahoma ("OCIC"). Plaintiff alleges that as a result of the negligence of Carl Albert and OCIC, and their employees, he was forced to have his bladder surgically removed. Plaintiff seeks to re-

cover $15,000,000 in damages from Defendants.

Defendant, C. Thomas Covington, M.D. ("Covington"), seeks to be dismissed from this action on the basis that his employment with OCIC insulates him from liability.[1] It is Covington's position that, as to the alleged negligence associated with OCIC and its employees, Plaintiff's exclusive remedy lies against OCIC under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"). In the alternative, in the event the court determines that the provisions of the FTCA do not apply with respect to Plaintiff's claims against OCIC, Covington argues he should nonetheless be dismissed from this action for lack of subject matter jurisdiction, i.e. lack of diversity of citizenship. Plaintiff responds by arguing that OCIC is a branch or agency of the Federal Government and that Covington is required to obtain certification of his employee status before any dismissal from this action. In the alternative, Plaintiff argues that if it is determined that Covington is not shielded by the exclusive remedy provisions of the FTCA, he is properly before the court pursuant to the supplemental jurisdiction provisions of 28 U.S.C. § 1367 as the court clearly has jurisdiction under the FTCA with respect to Plaintiff's claims as they relate to the negligent acts or omissions of Carl Albert.[2] Finally, Defendant, United States of America ("United States"), has responded to Covington's motion by arguing that OCIC and its employees are not covered by provisions of the FTCA; therefore, Covington is not entitled to the immunity afforded employees of the United States under the FTCA. The United States takes no position with respect to the court's exercise of supplemental jurisdiction over Plaintiff's claim against Covington.

### Waiver of Sovereign Immunity

■ The United States is generally immune from suit unless it expressly waives immunity and consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983). The FTCA provides for a limited waiver of that immunity for those claims falling within its ambit. Under the FTCA, the federal government's sovereign immunity is waived for the negligent or wrongful act or omission of those governmental employees acting within the scope of their employment to the extent that a private person would be liable in similar circumstances under state law. *See* 28 U.S.C. §§ 1346(b)(1) and 2674. The definition of governmental employee under the FTCA includes "officers or employees of any federal agency." 28 U.S.C. § 2671. Thus, the issue presented by Covington's motion is whether OCIC and its employees, including Covington, are "employees of a federal agency" within the meaning of the FTCA.

### FTCA Coverage Of OCIC And Its Employees

OCIC was established as a temporary demonstration project under the Indian Health Care Improvement Act, 25 U.S.C. § 1650 et seq. One of the purposes of the Act was "to establish programs in urban centers to make health services more accessible to urban Indians." 25 U.S.C.

---

**1.** It appears Covington's official employer is Defendant, Central Oklahoma American Indian Health Council, Inc., d/b/a OCIC.

**2.** There does not appear to be any dispute among the parties that the United States of America is a proper party to this lawsuit under the FTCA as to Plaintiff's negligence claims asserted against Carl Albert and its employees. *See* 25 U.S.C. § 450f (tribes are authorized to enter "self-determination contracts" with the federal government, and individuals employed under such contracts are entitled to FTCA immunity when performing acts within the scope of their contracted employment).

§ 1651. To accomplish this goal, contracts or grants are made by the Secretary of Health and Human Services, through the Indian Health Service ("IHS"), to urban Indian organizations in order to assist such organizations in the establishment and administration of programs designed to provide health services to urban Indians. 25 U.S.C. § 1652. The treatment of OCIC, as a demonstration project within the parameters of the Act, was addressed through a 1992 amendment to the Act:

> (a) Notwithstanding any other provision of law, the Oklahoma City Clinic demonstration project and the Tulsa Clinic demonstration project shall be treated as service units in the allocation of resources and coordination of care and shall not be subject to the provisions of the Indian Self–Determination Act for the term of such projects. The Secretary shall provide assistance to such projects in the development of resources and equipment and facility needs.

25 U.S.C. § 1660(a). Nothing in this provision suggests an intent to treat OCIC and its employees as employees of the federal government for purposes of FTCA coverage. This provision clearly limits the treatment of OCIC and the Tulsa Clinic as IHS service units to the allocation of resources and coordination of care. Additionally, section 1660(a) specifically excludes these demonstration projects from the terms of the Indian Self–Determination Act for the term of such projects. Under the provisions of the Indian Self–Determination Act, 25 U.S.C. § 450f, employees performing functions pursuant to self-determination contracts are generally deemed to be federal employees entitled to FTCA immunity. *See* 25 U.S.C. § 450f(d)(tribal organization or Indian contractor carrying out section 450f contract "is deemed to be part of the Public Health Service in the Department of Health and Human Services" while performing the contract and its employees are deemed

employees of the Service "while acting within the scope of their employment in carrying out the contract"). By excluding demonstration projects such as OCIC from the coverage of the Indian Self–Determination Act, Congress has expressed an intent to likewise exclude demonstration projects and their employees from FTCA coverage. Consequently, the court finds that Covington, as an employee of OCIC, is not entitled FTCA immunity.

### *Supplemental Jurisdiction*

■ Plaintiff's argument for supplemental jurisdiction over his claim against Covington is based on 28 U.S.C. § 1367(a), which provides in relevant part:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

In this case, the court clearly has original jurisdiction under the FTCA with respect to Plaintiff's negligence claim against Carl Albert. Given Plaintiff's allegations that "[d]uring the period of time from May 10, 1999 through the end of 1999, [he] presented himself, variously, at the Oklahoma City Indian Clinic and Carl Albert for examination, diagnosis and treatment of hematuria not associated with ˙pain," the court concludes that there is a sufficient relation between the federal claim under the FTCA and the state law claim for negligence asserted against Covington, an employee of OCIC. As alleged, these claims essentially arise out of the same event or connected series of events—the examination, diagnosis, and treatment of Plaintiff's spe-

cific medical condition. Under these circumstances, Plaintiff's invocation of supplemental jurisdiction under section 1367(a) is appropriate and the court is authorized to exercise pendent party jurisdiction over Plaintiff's state law claim against Covington.

### Conclusion

Based on the foregoing reasons, the court concludes that OCIC and its employees are not subject to the provisions of the FTCA. The court further concludes, however, that supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) is appropriate as to Plaintiff's state law negligence claim against Covington. Consequently, Covington's motion to dismiss is denied.